UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUGENE STRICKER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>COTY INC., MICHELE SCANNAVINI, SÉRGIO PEDREIRO, JAMES E. SHIAH, LAMBERTUS J.H. BECHT, BRADLEY M. BLOOM, JOACHIM FABER, OLIVIER GOUDET, PETER HARF, M. STEVEN LANGMAN, ERHARD SCHOEWEL, ROBERT SINGER, JACK STAHL, MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, J.P.MORGAN SECURITIES LLC, MORGAN STANLEY & CO. LLC, BARCLAYS CAPITAL INC., DEUTSCHE BANK SECURITIES INC., WELLS FARGO SECURITIES, LLC, LAZARD CAPITAL MARKETS LLC, PIPER JAFFRAY COMPANIES, RBC CAPITAL MARKETS, LLC, BNP PARIBAS SECURITIES CORP., CREDIT AGRICOLE SECURITIES (USA) INC., HSBC SECURITIES (USA) INC., ING FINANCIAL MARKETS LLC, MOELIS & COMPANY LLC, RBS SECURITIES INC., SANFORD C. BERNSTEIN & CO. LLC, SANTANDER INVESTMENT SECURITIES INC., RAMIREZ & CO., INC., TELSEY ADVISORY GROUP LLC, THE WILLIAMS CAPITAL GROUP, L.P.<br><br>Defendants. | Civil Action No. 14 CV 0919<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Eugene Stricker ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Coty Inc. ("Coty" or the "Company") with the United States Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and

media reports issued by and disseminated by Coty; and (c) review of other publicly available information concerning Coty, including transcripts of Coty's conference calls with investors, research analyst reports and media reports about the Company.

## I. NATURE AND SUMMARY OF THE ACTION

1. The claims asserted herein arise under to Sections 11, 12 and 15 of the Securities Act of 1933 (15 U.S.C. §§ 77k, 77l and 77o) relating to Coty's June 13, 2013 initial public offering ("IPO") of common stock.

2. The claims are brought as a class action on behalf of persons and/or entities who purchased or otherwise acquired the common stock of Coty pursuant and/or traceable to the Company's registration statement filed with the SEC on Form S-1/A on May 28, 2013, and prospectus filed with the SEC on Form 424(b)(4) on June 13, 2013 ("Prospectus"), (collectively the "Registration Statement"), in the Company's IPO of 57,142,857 million shares of common stock at a price of $17.50 per share, for proceeds of nearly $1 billion.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C. § 77v).

4. Venue is proper in this Judicial District pursuant to Section 22 of the Securities Act because the Company maintains its executive offices in New York City, and certain of the acts alleged in the complaint occurred in this Judicial District.

5. In connection with the acts, transactions, and conduct alleged herein, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the U.S. mail, interstate telephone communications and the facilities of the national securities exchange.

## III.   PARTIES

6.   Plaintiff Eugene Stricker purchased shares of Coty common stock pursuant to the Registration Statement issued in connection with the Company's IPO and has been damaged thereby, as set forth in the attached certification.

7.   Defendant Coty is a Delaware corporation with its principal executive offices located at 350 Fifth Avenue, New York, New York 10118. According to the Registration Statement:

> Coty is a pure play beauty company with a portfolio of well-known brands that compete in the three segments in which we operate: Fragrances, Color Cosmetics and Skin & Body Care. We hold the #2 global position in fragrances, the #6 global position in color cosmetics and have a strong regional presence in skin & body care. Our top 10 brands, which we refer to as our "power brands", generated approximately 70% of our net revenues in fiscal 2012 and comprise the following globally recognized brands: adidas, Calvin Klein, Chloé, Davidoff, Marc Jacobs, OPI, philosophy, Playboy, Rimmel and Sally Hansen.
>
> Our brands compete in all key distribution channels across both prestige and mass markets and in over 130 countries and territories. Coty has transformed itself into a multi-segment beauty company with market leading positions in both North America and Europe through new product offerings, diversified sales channels and its global growth strategy. Our entrepreneurial culture, driven by our "Faster. Further. Freer." credo, has enabled us to gain market share in the beauty industry and provided us with the agility to deliver superior innovation, brand building and execution.

8.   According to the Registration Statement, Coty's "business has a diversified revenue base that generated net revenues for fiscal 2012 of 53%, 31% and 16% from Fragrances, Color Cosmetics and Skin & Body Care, respectively."

9.   Further, according to the Registration Statement, Coty sells certain products through multiple distribution channels:

> We sell products in each of our segments through retailers, including hypermarkets, supermarkets, independent and chain drug stores and pharmacies, upscale perfumeries, upscale and mid-tier department stores, nail salons, specialty retailers, duty-free shops and traditional food, drug and mass retailers. Our principal retailers in the mass distribution channel include CVS, Kmart, Target, Walgreens and Wal-Mart in the United States and Boots, DM, Carrefour and Watson's in Europe. Our principal retailers in the prestige distribution

3

channel include Macy's, Neiman Marcus, Nordstrom and Saks Fifth Avenue in the United States, AS Watson and Douglas in Europe and Sephora in multiple geographic regions. In fiscal 2012, no retailer accounted for more than 10% of our global net revenues; however, certain retailers accounted for more than 10% of net revenues within certain geographic markets. In fiscal 2012, our top ten retailers combined accounted for 29% of our net revenues and Wal-Mart, our top retailer, accounted for 7% of our net revenues. We are pursuing our strategy of geographic expansion by selling through retailers, our subsidiaries or third-party distributors and our strategy of increasing our presence in e-commerce by selling through websites that support an e-commerce-only product distribution business, including our own branded websites. We believe our commercial expertise enhances our capabilities when we enter new markets where products must suit local consumer preferences, incomes and demographics.

10. Defendant Michele Scannavini ("Scannavini") was, at all relevant times, Chief Executive Officer ("CEO") and a director of Coty. Scannavini signed or authorized the signing of the Company's Registration Statement filed with the SEC.

11. Defendant Sérgio Pedreiro ("Pedreiro") was, at all relevant times, Chief Financial Officer ("CFO"). Pedreiro signed or authorized the signing of the Company's Registration Statement filed with the SEC.

12. Defendant James E. Shiah ("Shiah") was, at all relevant times, Chief Accounting and Compliance Officer. Shiah signed or authorized the signing of the Company's Registration Statement filed with the SEC.

13. Defendant Lambertus J.H. Becht, ("Becht") was, at all relevant times, Chairman of the Board. Becht signed or authorized the signing of the Company's Registration Statement filed with the SEC.

14. Defendant Bradley M. Bloom ("Bloom") was, at all relevant times a director of the Company. Bloom signed or authorized the signing of the Company's Registration Statement filed with the SEC.

15. Defendant Joachim Faber ("Faber") was, at all relevant times a director of the Company. Faber signed or authorized the signing of the Company's Registration Statement filed with the SEC.

16. Defendant Oliver Goudet ("Goudet") was, at all relevant times a director of the Company. Goudet signed or authorized the signing of the Company's Registration Statement filed with the SEC.

17. Defendant Peer Harf ("Harf") was, at all relevant times a director of the Company. Harf signed or authorized the signing of the Company's Registration Statement filed with the SEC.

18. Defendant M. Steven Langman ("Langman") was, at all relevant times a director of the Company. Langman signed or authorized the signing of the Company's Registration Statement filed with the SEC.

19. Defendant Erhard Schoewel ("Schoewel") was, at all relevant times a director of the Company. Schoewel signed or authorized the signing of the Company's Registration Statement filed with the SEC.

20. Defendant Robert Singer ("Singer") was, at all relevant times a director of the Company. Singer signed or authorized the signing of the Company's Registration Statement filed with the SEC.

21. Defendant Jack Stahl ("Stahl") was, at all relevant times a director of the Company. Stahl signed or authorized the signing of the Company's Registration Statement filed with the SEC.

22. The Defendants listed in ¶¶ 9-21 are collectively referred to hereinafter as the "Individual Defendants."

23. Defendant J.P. Morgan Securities LLC was an underwriter for Coty's IPO.

24. Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch") was an underwriter for Coty's IPO.

25. Defendant Morgan Stanley & Co. LLC was an underwriter for Coty's IPO.

26. Defendant Barclays Capital Inc. was an underwriter for Coty's IPO.

27. Defendant Deutsche Bank Securities Inc. was an underwriter for Coty's IPO.

28. Defendant Wells Fargo Securities, LLC was an underwriter for Coty's IPO.

29. Defendant Lazard Capital Markets LLC was an underwriter for Coty's IPO.

30. Defendant Piper Jaffray Companies was an underwriter for Coty's IPO.

31. Defendant RBC Capital Markets, LLC was an underwriter for Coty's IPO.

32. Defendant BNP Paribas Securities Corp. was an underwriter for Coty's IPO.

33. Defendant Credit Agricole Securities (USA) Inc. was an underwriter for Coty's IPO.

34. Defendant HSBC Securities (USA) Inc. was an underwriter for Coty's IPO.

35. Defendant ING Financial Markets LLC was an underwriter for Coty's IPO.

36. Defendant Moelis & Company LLC was an underwriter for Coty's IPO.

37. Defendant RBS Securities Inc. was an underwriter for Coty's IPO.

38. Defendant Sanford C. Bernstein & Co., LLC was an underwriter for Coty's IPO.

39. Defendant Santander Investment Securities Inc. was an underwriter for Coty's IPO.

40. Defendant Samuel A. Ramirez & Company, Inc. was an underwriter for Coty's IPO.

41. Defendant Telsey Advisory Group LLC was an underwriter for Coty's IPO.

42. Defendant The Williams Capital Group, L.P. was an underwriter for Coty's IPO.

43. The underwriter defendants listed in paragraphs 23-42 are collectively referred to as the "Underwriter Defendants."

44. According to the Prospectus, each of the Underwriter Defendants agreed to purchase the number of shares of Coty common stock set forth opposite its name below:

| Underwriter | Number of Shares |
|---|---|
| J.P. Morgan Securities LLC | 14,285,714 |
| Merrill Lynch, Pierce, Fenner & Smith Incorporated | 14,285,714 |
| Morgan Stanley & Co. LLC | 8,285,715 |
| Barclays Capital Inc. | 3,428,571 |
| Deutsche Bank Securities Inc. | 3,428,571 |
| Wells Fargo Securities, LLC | 3,428,571 |
| Lazard Capital Markets LLC | 1,142,857 |
| Piper Jaffray Companies | 1,142,857 |
| RBC Capital Markets, LLC | 1,142,857 |
| BNP Paribas Securities Corp. | 714,286 |
| Credit Agricole Securities (USA) Inc. | 714,286 |
| HSBC Securities (USA) Inc. | 714,286 |
| ING Financial Markets LLC | 714,286 |
| Moelis & Company LLC | 714,286 |
| RBS Securities Inc. | 714,286 |
| Sanford C. Bernstein & Co., LLC | 714,286 |
| Santander Investment Securities Inc. | 714,286 |
| Samuel A. Ramirez & Company, Inc. | 285,714 |
| Telsey Advisory Group LLC | 285,714 |
| The Williams Capital Group, L.P. | 285,714 |
| Total | 57,142,857 |

45. Coty, the Individual Defendants, and the Underwriter Defendants are collectively referred to as the "Defendants."

## IV. CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a Class, consisting of all persons and/or entities who purchased or otherwise acquired the common stock of Coty (CUSIP: 222070203) pursuant and/or traceable to the Company's false and misleading Registration Statement issued in connection with the Company's IPO, and who were damaged thereby (the "Class"). Excluded

from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

47. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are hundreds of members in the proposed Class, as the Company offered over 57 million shares of common stock in the IPO. Record owners and other members of the Class may be identified from records maintained by Coty or its transfer agent.

48. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

49. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

50. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are: (a) whether Registration Statement contained untrue statements of material facts and/or omitted to state material facts required to be stated in the Registration Statement or necessary to make the statements in the Registration Statement not misleading; and (b) to what extent the members of the Class have sustained damages and the proper measure of damages.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and

burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## V.  COTY'S REGISTRATION STATEMENT CONTAINTED MATERIAL UNTRUE STATEMENTS AND OMITTED MATERIAL INFORMATION.

52.   The Registration Statement represented that Coty, at the time of the IPO, was experiencing growth in net revenues and market share:

> Our strong organic growth has been complemented and enabled by strategic acquisitions, such as the Calvin Klein fragrance business and Sally Hansen brand, and which recently include power brands OPI and philosophy.
>
> ***
>
> One of the fastest growing players in color cosmetics . . . In nail care, we achieved a #1 position globally in the combined retail and professional channels with Sally Hansen and OPI. Our growth in the nail category is fueled by outstanding innovations. As an example, Sally Hansen had the best-selling launches in the U.S. color cosmetics market in 2010 with the launch of Complete Salon Manicure and in 2011 with the launch of Salon Effects.
>
> ***
>
> Successful integration of acquired brands and companies. Since 2002, we have successfully completed a number of acquisitions to drive segment, geographic and distribution platform growth . . . Under our ownership, the Sally Hansen brand has expanded our Color Cosmetics segment and developed a global reach.
>
> ***
>
> Our Strategy . . . .
>
> Our continued net revenue growth is centered on improving our competitive position in all our segments, including through further developing power brands and diversifying our geographic presence into emerging markets and across distribution channels.
>
> • Continue to develop our power brands portfolio. . . Over the past three fiscal years, we have added power brands in each of our segments . . . In the Color Cosmetics segment, we have grown the Sally Hansen brand 53% through fiscal 2012 as measured by net revenues from our acquisition of the brand in fiscal 2008.
>
> ***
>
> Color Cosmetics

9

In the nine months ended March 31, 2013, net revenues of Color Cosmetics increased 4%, or $39.1, to $1,083.4 from $1,044.3 in the nine months ended March 31, 2012. . . Growth in Sally Hansen was primarily driven by higher net revenues from new launches Sally Hansen Insta Gel, Sally Hansen Salon Pro Gel and the re-launch of Sally Hansen Complete Salon Manicure. Partially offsetting these increases were lower net revenues of Sally Hansen Salon Effects and Sally Hansen Crackle Overcoat, which generated strong net revenues in the nine months ended March 31, 2012 as new launches.

The Sally Hansen brand also benefitted from its introduction into the German market along with strong net revenues growth in Mexico and Argentina primarily driven by new launches and expanded distribution . . . The positive price and mix impact for the segment was primarily driven by the growth of higher than segment average priced Sally Hansen and OPI products.

\*\*\*

Americas

In the nine months ended March 31, 2013, net revenues in the Americas increased 3%, or $41.1, to $1,485.1 from $1,444.0 in the nine months ended March 31, 2012 . . . The increase in net revenues reflects growth in virtually all countries in the region, with the largest increase in our U.S. operating subsidiary, primarily reflecting strong growth in the Fragrances and Color Cosmetics segments . . . The increase in Color Cosmetics in the U.S. is primarily due to growth in Rimmel, Sally Hansen . . . .

\*\*\*

Color Cosmetics

In fiscal 2012, net revenues of Color Cosmetics increased 25%, or $287.4, to $1,430.6 from $1,143.2 in fiscal 2011, . . . Sally Hansen drove growth for the segment with the U.S. generating approximately 70% of the brand's growth . . .

Also contributing to segment growth were higher net revenues of Sally Hansen, reflecting new launches and expansion into international markets, primarily Russia and Australia. . . . Net revenues growth for the segment reflects unit volume growth of 1% and a positive price and mix impact of 5% primarily driven by the launches of higher than segment average priced products, such as Rimmel Lash Accelerator and Sally Hansen Salon Effects.

53.   These representations were untrue statements and omitted material facts for the following reasons:

a) During the quarter leading up to the IPO, consumption of Coty's products was materially declining, and U.S. and European customers, particularly U.S. mass retailers, were "destocking", or returning products to Coty, rather than selling such products to consumers.

Such inventory reduction in the U.S. mass markets was occurring across most of Coty's top customers, and across all product segments;

b) In the months leading up to the IPO, Coty's sales growth of nail products such as *Sally Hansen* had materially declined. By the time of the IPO, sales of Coty's nail products were flat and were negative in July 2013; and

c) As a result of the decline in consumption of Coty products and mass retailers destocking of Coty inventory, such mass retailers were not replenishing inventory, or were stocking less inventory, a material negative trend that would cause a material decline in Coty's revenue of approximately $23 to $25 million in July and August 2013.

54. The Company failed to disclose these material facts in the Registration Statement. For this reason, Registration Statement contained untrue statements of material facts or omitted to state material facts necessary to make the statements made not misleading and was, therefore, not prepared in accordance with the applicable SEC rules and regulations governing its preparation.

## FIRST CLAIM FOR RELIEF
### Violation of Section 11 of the Securities Act Against All Defendants

55. Plaintiff repeats and realleges each and every allegation contained above.

56. This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against all Defendants.

57. As set forth above, the Registration Statement contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and omitted to state material facts required to be stated therein.

58. Coty is the issuer of common stock in the IPO. As issuer of the shares, Coty is strictly liable to Plaintiff and to the members of the Class who purchased pursuant and/or

traceable to the Registration Statement for the materially untrue statements and omissions alleged herein.

59.  The Individual Defendants were directors at the time of the IPO and/or signed the Registration Statement or authorized it to be signed on their behalf.

60.  The Underwriter Defendants served as underwriters for Coty's IPO.

61.  Under Section 11 and the SEC's rules and regulations, the Individual Defendants and the Underwriter Defendants owed to the purchasers of Coty the duty to make a reasonable investigation of the statements contained in the Registration Statement to ensure that such statements were accurate and that they did not contain any misstatement or omission of material fact, and in the exercise of reasonable care, should have known that the Registration Statement contained misstatements and omissions of material fact.

62.  By reasons of the conduct herein alleged, the Registration Statement contained material misstatements and material omissions, and therefore the Coty violated Section 11 of the Securities Act, and the Individual Defendants and the Underwriter Defendants breached their duties to Plaintiff and members of the proposed class.

63.  On February 11, 2014 Coty shares closed at $13.25 per share, a decline of $4.25 per share, or approximately 24%, from the IPO price of $17.50 per share.

64.  As a result of the purchase or acquisition of Coty stock pursuant and/or traceable to the Registration Statement, Plaintiff and member of the proposed Class have sustained damages.

## SECOND CLAIM FOR RELIEF
### Violation of Section 12 of the Securities Act Against Merrill Lynch

65.  Plaintiff repeats and realleges each and every allegation contained above.

66. This Count is brought pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77(a)(2), on behalf of the Class against Merrill Lynch.

67. In the IPO, Plaintiff purchased Coty shares from Merrill Lynch.

68. As set forth above, the Registration Statement contained untrue statements of material fact, omitted to state other facts necessary to make the statements made therein not misleading, and omitted to state material facts required to be stated therein.

69. Merrill Lynch, owed to the purchasers of Coty the duty to make a reasonable investigation of the statements contained in the Registration Statement to ensure that such statements were accurate and that they did not contain any misstatement or omission of material fact. Merrill Lynch, in the exercise of reasonable care, should have known that the Registration Statement contained misstatements and omissions of material fact.

70. Plaintiff and the other members of the Class purchased or otherwise acquired Coty common stock pursuant to the Registration Statement, and neither Plaintiff nor the other Class members knew, or in the exercise of reasonable diligence could have known, of the untruths, inaccuracies and omissions contained in the Registration Statement.

71. Plaintiff, individually and on behalf of the Class, hereby offers to tender to Merrill Lynch those shares that plaintiff and the other Class members continue to own, in return for the consideration paid for those shares together with interest thereon. Class members who have sold their shares are entitled to damages.

### THIRD CLAIM FOR RELIEF
### Violation of Section 15 of the Securities Act Against the Individual Defendants

72. Plaintiff repeats and realleges each and every allegation contained above.

73. This Count is brought pursuant to Section 15 of the Securities Act against the Individual Defendants.

74. The Individual Defendants were each a control person of Coty by virtue of his position as a director and/or senior officer of Coty.

75. As control persons of Coty, the Individual Defendants are liable jointly and severally with and to the same extent as Coty for its violation of Sections 11 of the Securities Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows: declaring this action to be a proper class action; awarding rescission and/or damages, including interest; awarding reasonable costs, including attorneys' fees; and such equitable/injunctive relief as the Court may deem proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: February 12, 2014          KAPLAN FOX & KILSHEIMER LLP

By: _____
       Jeffrey P. Campisi

850 Third Avenue
New York, NY 10022
Telephone: 212-687-1980
Facsimile: 212-687-7714
Email: jcampisi@kaplanfox.com

*Counsel for Plaintiff Eugene Stricker and the Proposed Class*

# KAPLANFOX

## CERTIFICATION

I, Eugene Stricker, hereby certify and swear as follows:

1. I have reviewed a complaint regarding Coty Inc.'s initial public offering alleging violations of the securities laws and authorize the filing of a complaint;

2. I am willing to serve as a representative party on behalf of a class, or to be a member of a group representing a class, including providing testimony at deposition and trial, if necessary;

3. I have not within the 3-year period preceding the date hereof sought to serve, or served, as a representative party on behalf of a class in an action brought under the federal securities laws, unless noted hereafter: *In Re Edwards Lifesciences Corp. Securities Litigation* (C.D. Cal.) (13-cv-01463-JLS-RNB); *Stricker v. Morgan Stanley & Co. LLC, et al.* (S.D.N.Y.) (12-cv-04763-RWS); *In re: Facebook, Inc. IPO Securities and Derivative Litig.*, No. 12-MDL- 02389-RWS (S.D.N.Y.).

4. The following is a description of my transactions in the common stock of Coty Inc.:

| Transaction | Quantity | Price Per Share | Date |
|---|---|---|---|
| Purchase | 100 | 17.50 | 6/13/13 IPO |

5. I did not purchase Coty Inc. common stock at the direction of my counsel, or in order to participate in any private action under the federal securities laws;

6. I will not accept any payment for serving as a representative party on behalf of a class beyond my pro rata share of any recovery, except as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct.

*Eugene Stricker*
Eugene Stricker

Date: February 5, 2014